MEMORANDUM *
National Union Fire Insurance Company (“National Union”) appeals the district court’s July 18, 2006, 2006 WL 2038538, order denying it attorney fees sought in a fraudulent conveyance action (which it brought to collect a judgment it had previously received). The attorney fees sought were incurred in the fraudulent convey-anee action, the Garbers’ bankruptcy, Betty Ting s bankruptcy, and the appeals from these cases. We affirm the district court’s order. The factual and legal background is well-known to the parties so we need not recite it here.
The California Uniform Fraudulent Transfer Act does not provide for an award of attorney fees against the Garbers (the debtors). See Cal. Civ.Code § 3439 et aeq. National Union presents no California precedent authorizing an award of attorney fees against “a debtor” in such an action. National Union has conceded that Defendant Ting is not responsible for these fees.
Attorney fees (as allowed costs) may be added to a judgment, if the underlying judgment includes an award of attorney fees. Cal.Civ.Proc.Code §§ 685.040, 1033.5. However, such costs are “added to and become part of the judgment” (1) upon the filing of an order allowing costs pursuant to California Civil Procedure Code § 685.090(a)(1) and § 685.080(c) or (2) under the provisions for memoranda of costs in California Civil Procedure Code § 685.070(b). Though National Union moved in the bankruptcy court for and received the distribution of the proceeds of the sale of the Pacific Grove property to satisfy the Bond Case judgment, it never requested that the bankruptcy stay be removed in the Bond Case to “add” attorney fees/costs, under either alternative meth°d- Instead, it requested and was granted removal of the stay to pursue the fraudulen^ transfer action,
Because (1) the fraudulent transfer action was brought to collect the Bond Case judgment; (2) the Bond Case judgment (as amended) was paid in full; and (3) no action was taken by National Union to further amend the Bond Case judgment for additional attorney fees, prior to its payment, the fraudulent transfer action was moot, at the time the district court entered its decision not to award attorney fees- National Union concedes that any other damages sought in the fraudulent conveyance action, regardless of the theory alleged, were only for attorney fees not added to the Bond Case judgment. Those -^ees should have been sought in the Bond Case in the manner outlined in California Civil Procedure Code § 685.090(a)(1) and § 685.080(c) or California Civil Procedure Code § 685.070(b).
However, the district court abused its discretion when it judicially estopped National Union from asserting that the underlying Bond Case judgment was not fully satisfied. “Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position.” Hamilton v. State Farm, 270 F.3d 778,782 (9th Cir.2001). National Union never took inconsistent positions with respect to whether the Bond Case judgment was fully satisfied. It has consis *321 tently argued that attorney's fees for enforcing the Bond Case have not been paid, and should still be paid.
We also reject the Garbers' proposal that we exercise our discretion to sanction National Union for violating Circuit Rule 28-2.6, which states that "[e]ach party shall identify in a statement on the last page of its initial brief any known related case pending in this court."
Lastly, we deny the Garbers' motion to take judicial notice. The materials are not pertinent to the issues under appeal in this case.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.